**IN THE MATTER OF PETITION FOR EXTRADITION .**
**ALEXANDER JAMES TURNER**

No. 5-1969

District Court of the Virgin Islands

Div. of St. Croix

January 1, 1969

*See, also, 294 F.Supp. 675, 7 V.I. 55*

FELIX BELLO, Assistant Attorney General of counsel, Christiansted, St. Croix Virgin Islands, *for Government*

VINCENT A. GAMAL, Christiansted, St. Croix, Virgin Islands, *for defendant*

MARIS, *Circuit Judge*

## OPINION

On this review the Government seeks to reverse an order of the Municipal Court denying the Government's petition for the extradition of the respondent, Alexander James Turner, to Puerto Rico. Turner was convicted in this Court on May 5, 1966 on two counts of obtaining money by false pretences and sentenced to 10 years imprisonment on each count, to run concurrently. In 1968 pursuant to a special agreement between the Governors of the Virgin Islands and Puerto Rico, Turner was returned to Puerto Rico for trial on a charge of grand larceny. He was convicted of that crime in the Superior Court of Puerto Rico, San Juan Part, on March 25, 1968 and on March 26, 1968 was sentenced to "from one (1) to five (5) years in the state penitentiary to run concurrently with any other sentence defendant might be serving at this time". Thereupon, pursuant to the agreement between the Governors, he was returned to Richmond Penitentiary in this Territory to continue serving the sentence imposed upon him by this Court. With him was transmitted a certified copy of the sentence of the Superior Court of Puerto Rico to

serve as a detainer once Turner completed his sentence in Richmond Penitentiary.

On January 14, 1969 this Court reduced Turner's 10 years sentence to a term of imprisonment which expired on that day and thereupon the Puerto Rico authorities requested his arrest and return to Puerto Rico to serve his outstanding sentence there. On the same day the Government filed in the Municipal Court a petition for his extradition to Puerto Rico under which he was arrested and brought before that court for hearing on January 20, 1969. After hearing on that day the Municipal Court denied extradition and released Turner from custody. The petition for a writ of review of that order which is now before me was then filed by the Government and the writ was issued.

The order must be reversed and Turner must be held for extradition to Puerto Rico pursuant to the demand of the authorities of that Commonwealth. This action is required by 5 V.I.C. §§ 3813, 3815. For it is apparent from the record that Turner is a person who, within the meaning of section 3813, has been convicted of a crime in another state, namely Puerto Rico, and who has so far, by reason of his return to this Territory under the agreement between the Governors, escaped from confinement under the sentence imposed upon him there. Roberts v. Reilly, 1885, 116 U.S. 80, 97; 29 L.Ed. 544, 549; Ex parte Jackson, 1953, Okla.Cr.App. 262 P.2d 722; United States v. Matus, D.C.Conn. 1954, 127 F.Supp. 282. See Grogan v. Welch, 1929, — S.D. —, 227 N.W. 74, 67 A.L.R. 1474, and cases cited in the note to that case, 14 A.L.R. 1480.

It is true that the sentence imposed upon Turner in Puerto Rico of one to five years was to run concurrently with any other sentence he was then serving and that the only other sentence he was then serving was that imposed by this Court and which, as just reduced, he has now completed. But the use of the phrase "concurrently" could

hardly mean that the Puerto Rico sentence was to be regarded as commencing retroactively or as completely served when the Virgin Islands sentence had been served. Rather it must have meant that time served under the Virgin Islands sentence after March 26, 1968, when the Puerto Rico sentence was imposed, was to be credited on that sentence. Since that time amounted to only 9 months and 20 days, whereas the minimum sentence imposed by the Superior Court of Puerto Rico was one year, it is clear that Turner has at least 2 months and 10 days more time to serve in Puerto Rico unless paroled by the authorities of that Commonwealth and should be held for extradition to that Commonwealth to serve it.

The order of the Municipal Court will be reversed and the cause remanded with directions to commit Turner as provided by 5 V.I.C. § 3815.